16-2206 Susette Wood, et al. v. Midland Funding LLC, et al. The oral argument is followed. 15 minutes for the plaintiffs, 15 minutes to be shared by the defendants. My name is Arvid Perrin, representing the plaintiff appellants. I'd like to reserve five minutes for rebuttal. The facts in this case are in the complaint. I don't know if we need to go through them, but plaintiffs have two counts. This is a Fair Debt Collection Practices case. In count one, plaintiffs allege that the defendants filed motions in court which contained false statements. In count two, plaintiffs claim that the defendants published their names in local papers disclosing that they were being sued for debts. The publications gave their names, addresses, the amount of the debts, the original creditors of the debts, and the current holder of the debts. Is that all consistent with Michigan law? No. They are not consistent with Michigan law. I assume you mean, are they required to put that into a notice of publication? No, they are not required. I'm glad you brought that up immediately because other debt collectors were able to file claims in 82nd District Court and were caught in the web of the 82nd District Court's practice, which we claim was improper, of only ordering alternate service, which included publication. Other debt collectors were able to get through that and make published notices that did not reveal the debts. This would be a good point to point out to the court that attorney Jeffrey Beers from Defendant Law Firm wrote a letter to the 34th Circuit Court in which he stated, Beers claimed the publications in those cases, in the Wood cases, the plaintiff Wood's case, there was a complaint for superintendent control filed by Ms. Wood against the judge of the 82nd District Court. Under Michigan court rules, the parties that are involved in the underlying case are to be served with a complaint for superintendent control and that the parties in the underlying case can file an answer to that. As an answer to the complaint for superintendent control, Mr. Beers wrote a letter to the 34th Circuit Court in which he said that the publications in those cases only disclosed the caption of the case and did not disclose the underlying debt and thus did not violate the FDCPA. As you can see from the exhibits attached to our complaint, in all of these cases, nine plaintiffs in this case and ten publications, all of them disclosed the debt. We wish that Mr. Beers' idea that they were only putting the caption in, they had done that. But instead, somebody in their organization submitted an order for publication in which all of this material is involved. Well, the purpose of the publication is to give your client actual notice of the lawsuit, is that right? Yes, that's the purpose. It's supposed to benefit you. I mean, the more information in the notice as to the amount and the nature of the debt and all that really benefits your client, does it not? Doesn't that further the purpose of publication, of being a substitute for personal delivery and to make a defendant aware of a claim in a suit? There are U.S. Supreme Court cases that disapprove of publication where the whereabouts of the defendant is known. And to bring you up to date, the 82nd District Court has stopped ordering publication as alternate service. And if they had to disclose all of this information, they could not order alternate service, which is usually done by posting and by ordinary mail, first class mail. What do you claim that gives rise to your cause of action? Is it the publication or is it some false statement in the publication? Right. Your Honor, both are alleged. Count 1 alleges that the motion that was submitted by the defendants to the 82nd District Court contained false statements when they said that service under the rule could not be made. That's a false statement when they have not tried. Part of it couldn't be made. They claim they went to their address and couldn't serve them personally, right? Yes, however... You agree with that? Yes, that they went to the address and the people were not there at that time. However, our Supreme Court, Michigan Supreme Court, has seen fit to provide a reasonable alternative to staying at home and waiting for the process server to arrive. They can put that in the mail, certified mail, registered mail, and once the defendant signs for that registered, certified mail, then service is effected. So what is the essence of your Count 1 claim? It's a violation of what law? Oh, I'm sorry. Yes, of course. The Fair Debt Collection Practices Act, Section 1692E, which prohibits the use of any false, deceptive, or misleading representation. When they certified to the state court that they could not, quote, Michigan court rule, that they could not effect service as allowed under the rule. They said they could not effect service as allowed under the rule. The Michigan court rule, MCR 2.105A, allows service on individuals by one, personal delivery, two, by registered or certified mail. So they really only had the facts for one and not for two? They had the facts for one. They had not complied with the prerequisites to requesting alternate service under MCR 2.105A. And that's a violation of this particular section of the FDCPA? Yes, that they made false statements and they also requested relief from the state court, which they were not entitled to. They had not exhausted the remedies available for serving and they could not go on after that until they have exhausted those remedies. Has the Supreme Court of Michigan ever passed on this, that you have to follow both of those? No, the Supreme Court has not. However, the Michigan Institute for Continuing Legal Education has published a Michigan Basic Practice Handbook. Does that have a force of law? No, it does not. However, I would remind you that the Michigan Supreme Court wrote the statute and we can read the court rule and it's quite clear. When you get down to MCR 2.105I, it says that the trial court can only allow substitute service if it has been shown that service cannot be made as otherwise provided by the rules. So you say, okay, what are the ways service can be made? And let's go back to A and it says two ways. So it's quite clear. And nobody has, no judicial statement has been made that we are wrong on this. In fact... None has been made that you're right either, is it? Yes. The 82nd District Court itself, Ms. Wood in her case, she found out that these publications were being made. A client told her and she was humiliated. She went to court, or rather I did, but she went to court and filed an ex parte motion to stop the publications. And in that motion, which is part of the record here, the defendants filed as an exhibit the motion that I filed in the 82nd District Court and the brief. And the motion and brief clearly lays it out that the judge made a mistake. And the order, subsequent order, staying the publications says it's based upon the motion that I filed, the ex parte motion and the briefs. This case is the one you're talking about in the state court? In the state court. And that's the lead defendant, or plaintiff, Ms. Wood in her case. Now... Can't you get relief in the state court then? Yes, that is the catch that we had later on that the magistrate judge said she had actually been successful in the 82nd District Court. Not the other eight plaintiffs, but that Ms. Wood had been successful in stopping the publications. Of course, by then, the publications are run for three weeks. So she had stopped one of the three publications. She had been damaged by being publicly shamed two weeks prior to that, the two other ones. So we claim that she still is entitled to relief under the Fair Debt Collection Practices Act. However, the magistrate judge determined that this was race judicata and that she recommended dismissing her claim. But not the other eight plaintiffs. Your red light has been on for a while. Okay, sorry.  Yes. Good morning. May it please the court. Jeff Garish on behalf of the Weltman defendants. There's two sets of defendants. We filed a joint brief. And what I'm going to do, we're splitting our time evenly, and I'm going to argue that the complaint failed to state a claim. I would just begin by pointing out, Judge Seiler, the last question you asked is right on the money. You asked, can they get relief in state court? Yes, they can. And that's what this is about. This is about a state court order that they didn't like. But the fact that you can get relief in state court on state claims does not mean you can't go to federal court under a federal statute, right? That's true. That's right. But I think it's worth noting. And what this case really boils down to, for all its apparent complexity, is it involves a theory of recovery under the Fair Debt Collection Practices Act that says, that alleges that we violated the act by prompting a state court to issue an order that they say caused them harm. And the way we prompted the court to do this was by making a legal argument. We made a legal argument on a court-approved form, by the way, that said, we tried to personally serve the plaintiff, their party. We couldn't do it. So will you please give us an order of alternative service? It would have been better if you had sent them a letter, right? Well, their claim would not exist if we had. That's right. But we made the legal argument to the state court and said, we tried to personally serve them. We can't. Can we get an order of alternative service? And the court said, yes, you can. And then we drafted a court order that that court issued allowing for alternative service. But the second method of service that's in the statute was one that you ignored and did not try to do and did not mention in your materials in the state court. In the court rule, that's true. That's correct. That's correct. The argument we made was, if we tried personal service and we tried multiple times, the implication is they're evading service. Judge, will you please allow us to do the alternative method of service? And the judge agreed. The judge granted the relief that we requested. And so what they're arguing is the mere fact that we made this legal argument that they say is incorrect represents a false statement that violates Section E. But it doesn't. The district judge correctly recognized. Nothing in our filing in the state court made a factually false statement. What we said was, we tried to personally serve the plaintiffs. Based on that failure, based on the apparent attempts to evade service, will you allow us to serve by alternative means? And the judge agreed. I suppose this is a 12 v. 6 stage, right? Correct. So I suppose there's the argument that because the Michigan statute provided personal service and then the alternative, which you're not mentioning, but which I've mentioned, the alternative of certified mail or whatever the exact mechanism is, and you don't mention that by omission, you're arguably, from the plaintiff's perspective here, you're violating the FDCPA. I mean, that's the theory, but we have the affidavit from the process server that says what he tried to do. We made a factually correct statement. Right. And I don't think they disagree that it's factually correct that personal service was attempted and not accomplished. Right. What they're saying is you made an incorrect and misleading legal argument. But the problem is, if that is enough, that prompted an order. And, by the way, I think it's important to note that nothing that we said in our motion caused them any harm. What caused them harm was the order that the judge issued, the order publishing the information. And he talks about how this caused the plaintiff to be humiliated. But let's keep in mind that this complaint is a public document. It's in the public record. So somehow he's saying that this public record that got served through publication, that is what caused humiliation. Well, the humiliation in a practical matter is having a newspaper statement that a particular person with a particular address has a particular debt of multiple thousands of dollars that that person hasn't paid. Yeah, that's the argument. But, again, Judge Griffin, the first question you asked, there's nothing about that that's inconsistent with Michigan law. Nothing in Michigan law prevents us from putting that information in the service. And, in fact, that is for the plaintiff's benefit. But is there a question whether that in itself violates the FDCPA? Because I thought that's the essence of their account too. Yes, whether the order itself. Whether the publication itself. That's what they're – they say that they were harmed by the publication. The publication was by court order. The court signed the order requiring publication in the newspaper. Okay. So the question that I would have would be, is there a provision in the FDCPA that prohibits publicity of personal details about a debt? And, if so, is that what the essence of their claim is? Or is the FDCPA completely irrelevant on this score? Because you're focusing on Michigan law, and I thought this was an FDCPA. I didn't mean to be. I was trying to focus on FDCPA. What they're saying is the provision that you're asking about, Judge, is 1692B. B as in boy. B as in boy. This is their count too. What they say is this publication violated B because it represents a statement. Their count too is based on B, and it says, any debt collector communicating with any person other than the consumer for the purpose of acquiring location information shall not basically identify the debt. So what they're saying is this publication order was for the purpose of acquiring location information, and it published information about the debt. My argument would be the court order is issued by the court itself. That's not our statement. And the fact that we drafted the order, if ghostwriting an order for a court can lead to liability under the FDCPA for a lawyer who drafts it, respectfully, that would be crazy. Lawyers draft orders for courts all the time. That has to be the case because these courts don't have time to draft their own orders. But if you, hypothetically, if you draft an order for a court, and that order that you are drafting violates a federal law, you should not be able to escape by saying, oh, the court made me do it, because you're the one who actually figured out what words you wanted to put into that order. Well, but we don't, I understand the point you're making, but it's still the court's order, and there's nothing in there that we would, well, first of all. Arguably, you led the court to do this. Yeah, and that's why. Because you're the one asking the court to do this. And that's why their count one is based on the fact that we filed this motion making this legal argument that they think is wrong. But the district court correctly recognized that making a legal argument is not a false factual statement. And the second count is based on the issuance of the order, which was the court order, not ours. And I would submit, Judge Moore, the fact that we drafted it cannot expose us to liability. And the other point I would make is, and the district judge relied on the process server exemption, and in the very definition of a debt collector, which is 1692, I'm sorry. 1692A6D defines debt collector not to include any person while serving or attempting to serve legal process. And the judge correctly recognized that. That describes us with the drafting of the order. So even if, Judge Moore, the point you asked about is true, that putting language in an order could expose us to liability, even though it's the judge's order. Our putting the language in the order exempts us under the language of the definition I just read. Because we're in the process of serving process. The process server exemption... Does the process server exemption normally apply to process servers who do the drafting? Or aren't process servers usually these functionaries who run around handing things to people that have been drafted by other people? That's true. And they argue that there's an exception to the process server exemption as defined in the statute for the person that does the drafting. And they cite a Second Circuit case for that. There's no Sixth Circuit case for that. But I would just say that, again, drafting an order in an attempt to serve process can't possibly expose us to liability. One, because it's the court order. And two, because we're still serving process. That's what we're doing. We're helping the court serve the process in the way that we were ordered to do. We were ordered to do this. And with that, I don't want to deprive my colleague of this time. Thank you. Your Honor, Aaron Voris on behalf of Appellee Midland Funding, LLC. I was primarily going to address the Rooker-Feldman portion of the argument. But I'd just like to make a couple of comments on what's been discussed already here. Just to clarify, all of the facts that the district court considered below were all part of the record, because they were all things that were incorporated into the complaint by the plaintiffs through their exhibits. For example, their complaint for superintendent control, all of the orders and whatnot. And I think it's clear from what was developed in the superintendent control action on the point of this court order that Weltman drafted, the appellants, I think, will agree that that was the practice of that district court to require those orders. Those orders were not... In fact, I believe that Weltman, in the record below, you'll see that Weltman initially submitted an order to the court that the court rejected and said, no, we don't do tacking, we require service by publication. So it's not completely genuine to say that this was something that Weltman crafted for some ulterior motive. This was something that was required by the district court in that case, which... Did the district court require that people not use Step 2 after personal service couldn't be accomplished? Step 2 being the mailing by registered mail? By registered mail. No, and on that point, Your Honor, the motions at issue here, the motion for alternate service, simply says, and this is the statement that they are alleging is false, is that plaintiffs, being the defendants in this action, could not make reasonable service on the defendant for the reasons stated in the attached affidavit of process server. And those are the facts that were presented to the district court. Never did say you tried to use mail. Never did say. That's undisputed. And that's the point. There were no... But you're saying this was all required by the district court, and so what I was wondering is, who was it who got the bright idea not to try registered or certified mail? And I had this sense that you were saying, well, the district court made us do it, but in fact, it was your side that decided that you would skip Step 2 and go immediately to having the district court order publication. And what I was saying was not that the district court made us move for it, but that the district court required that publication. That was what I was saying. The district court required publication, but only if you had not met Steps 1 and 2, or could not meet Steps 1 and 2, then publication is the last resort, right? That is correct. And if you look at the form that ordered alternate service, I do not have it in front of me, but it is definitely in the record, that states that accurately, I believe, that attempts at personal service were made. Were not successful. Not the affidavit that we stated. So one question that I have, and it may or may not be in the record, is did the district court come up with the idea of putting the debtor's name, address, and exact amount of the debt into this notice, or where did that requirement come from? What the district court required was that the contents of the complaint be published. And I think that goes to your Honor's point that that was, I believe, the court's attempt to make sure that the defendant in that case understood the claims that were being brought against it, not just get a caption and disregard it because it doesn't tell you what this lawsuit is about. So what was published was actually the contents of the complaint. All of those allegations regarding the address, the creditor, the debt, whatnot. And so your opponent is arguing that this was an invasion, essentially, of her privacy and caused her humiliation and harm because she would not have wanted people, especially if she's got some job that requires feeling that this person is a trustworthy, responsible person. And so is that kind of a claim, a violation of the FDCPA, that we should, therefore, be probing to see whether there's a statement of a claim for which relief can be granted? I do not believe that it is. It's number one because the information is already public, as Mr. Garish pointed out. But it's public in the sense of a filing in a court, and presumably it has different circulation than the filing in a newspaper. Correct. And there's also a provision in the FDCPA, and I don't know the site off the top of my head, but there's a provision that specifies that actions taken pursuant or authorized by a court or authorized by law are not violations as well. So I don't believe that it is a violation. It was just simply, again, doing what the court ordered, which I'll segue into my Rooker-Feldman argument at that point because I think that really is the threshold issue, is did the district court have jurisdiction to even hear this matter? As this court has articulated in numerous opinions, and I believe an opinion authored by Your Honor, Abbott v. Michigan is one that's, I think, squarely on point. In order for Rooker-Feldman to apply, there really has to be two things. One, the plaintiffs are requesting the district court to review and essentially act as an appellate court for the state court's decision to make a determination whether or not that court entered its order in accordance with law. And the crux of whether or not the district court is sitting as an appellate court in that instance is based on the source of the injury, the source of plaintiff's injuries that they allege in the federal complaint. And I think here it's quite obvious that the source of the plaintiff's injuries are the publications. In other words, if there were no publications, we wouldn't be here today. And they say that quite clearly in their complaint and in the lower record. They admit repeatedly that their alleged injuries are the publications. In fact, if the court looks to the record below, I believe it's document 28. The filing of the suit in state court is not what's happened here as a tort, right? It's just the false claim that they claim that your side made by failing to serve by letter. The claim in the district court is that the defendants violated the Fair Debt Collection Practices Act. That's simply the claim. But just because this is a claim brought under a federal statute does not mean that Rooker-Feldman doesn't apply. The crux of whether Rooker-Feldman applies to preclude the district court's jurisdiction is whether or not the source of the plaintiff's alleged injuries is the state court's order. And I think in Abbott v. Michigan, this court held that even when the alleged injury occurred as a result of a third party's actions, in this case publishing in the newspaper, which presumably would have been done by the newspaper, I guess, sent in by the Weltman firm, that's still barred by Rooker-Feldman if that's the source of the injuries, if that is a direct product of the state court's order. But the plaintiff in this case is not asking for the U.S. District Court to overturn the state court judgment. The plaintiff in this case is saying, the publication of personal information about me violates the FDCPA. So why isn't that not a Rooker-Feldman problem?  But in several situations, Rooker-Feldman to statutory claims for damages in situations where the plaintiffs weren't requesting any sort of a reversal of the state court opinion. And it's been applied repeatedly that way. So in addition to Abbott, is there any other case that you would point us to? Well, the cases that we cite in our brief, for sure, the McCormick case, Hall, Abbott, the several there, I think also there is a case that was not cited in our brief that in preparing for this I came across that I think is quite relevant. I don't have the site in front of me, but it's the Veasley case. I believe it was a Fannie Mae case.  if you look at that opinion, the allegations in that case were that a foreclosure judgment was that the action was barred by the state's foreclosure judgment, which invoked the Rooker-Feldman doctrine. And the 6th Circuit said no, that's not the case because in that case the injury occurred prior when the defendants had wrongfully transferred the mortgage interest to someone else. That's when the harm occurred. So in other words, again, the court was focused not on whether or not the plaintiffs were requesting a judgment to be set aside or reversed or anything like that. Even if it's based on damages, the issue is was the source of the injury the state court's order? If it was, then the proper recourse is to go through the state court system and then ultimately to the United States Supreme Court. That's the appropriate mechanism, which I think the superintendent control action highlights here. The Michigan Court of Appeals plainly said, look, you have recourse. You can come through the state court system just like Wood did. We're not going to rule on any of these other plaintiffs because they didn't seek this sort of relief. And they can if they want. And your red light is on as well. I'm seeming to hit that in every case. Thank you. Your Honor, I am inclined just to forego my rebuttal. I think you have a full docket and I can tell that the issues have been argued on both sides. Can the state court's grant relief under this statute or the federal courts have exclusive jurisdiction? Under the FDCPA? Yes. Yes, you're right. They could do that. It would have been an easy thing to do just to ask for relief from the state court on this, right? We could have, I believe, however, I don't think we're required to. And so I don't think res judicata applies or the preclusion doctrines apply. I tried to direct your attention to prior briefs that we had filed discussing the res judicata and the preclusion arguments that were raised by defendants previously. One thing, as to the legal argument, they're saying that it was a necessity that they do what they did. However, the FDCPA puts a burden on the debt collector to be more than an attorney debt collector, to be more than simply a regular attorney. They also have to comply with the FDCPA and the FDCPA federal statute supersedes any of the state orders or statutes. The only way they can have a necessity defense is if there's no legal way for them to avoid doing what they did. And there was a legal way. As Judge Moore was questioning, they could have sent the letters, the serve process by mail at any point, and that would have been the end of it. Thank you. Thank you all for your argument. The case will be submitted. Would the clerk call the next case please?